SAMUEL W. STEPHENS and ELIZABETH SNEED, Administrators of GRIFFIN SNEED, Dec'd, *against* WM. MEGUIRE.

The affidavit to hold to bail for money due on articles of agreement, must state the breach of the articles of agreement, or the defendant will be discharged on common bail.

---

*White* moved to discharge the defendant on common bail, because the affidavit to hold to bail was insufficient. The affidavit was in the form following: "A. B. being duly sworn, deposeth and saith, that William Meguire is indebted to Samuel W. Stephens and Elizabeth Sneed, administrators of all and singular the goods and chattels, rights and credits,

of Griffin Sneed, deceased, in the sum of thirteen hundred dollars, due on a certain article of agreement made and entered into between Griffin Sneed, in his lifetime, and the said William Meguire, dated the nineteenth day of May, 1815."

The objections to this affidavit, he said, were—1. The affidavit was made by the attorney in the cause. He con-. ceived it inconsistent with practice for the attorney to make an affidavit to hold to bail, when the plaintiff himself was within the jurisdiction of the court.

2. The affidavit is made by A. B., a third person, not party to the suit, and does not state, whether it is made by him, as attorney or agent, or in what character.

3. The affidavit does not set out any breach. It states the money to be due on a certain article of agreement. It does not appear but what these articles of agreement have been completed.

FORD, J. The great defect in the affidavit is, that it does not set out a breach.

BY THE COURT. Let the defendant be discharged on common bail.